IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LUNAREYE, INC., | § | |
| | § | |
| Plaintiff, | § | Case No: 9:13-cv-00086 |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| XACT TECHNOLOGY, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

LUNAREYE, INC., brings this action against XACT TECHNOLOGY, LLC, and for its causes of action alleges as follows:

**THE PARTIES**

1. LUNAREYE, INC. ("LUNAREYE") is a Texas corporation with its principal place of business in Liberty County, Texas.

2. Upon information and belief, XACT TECHNOLOGY, LLC ("XACT") is a New York limited liability company with a principal place of business at 105 Madison Avenue, 19th Floor, New York, NY 10016. GPSI may be served by serving the New York State, Department of State, Division of Corporations, State Records and Uniform Commercial Code, 99 Washington Avenue 6th floor, Albany, NY 12231.

**THE PATENT**

3. On November 19, 2002, United States Patent No. 6,484,035, entitled "APPARATUS AND METHOD FOR TRIGGERABLE LOCATION REPORTING" ("the '035

1

patent") was duly and legally issued by the United States Patent and Trademark Office ("PTO"). A true and correct copy of the '035 patent is attached as Exhibit A.

4. On or about September 28, 2007, a reexamination of the '035 patent by the PTO was requested by a third party. The PTO granted the request for reexamination and reexamined the '035 patent.

5. On or about June 19, 2009, the reexamination proceedings concluded with the PTO issuing a Notice of Intent to Issue a Reexamination Certificate and determined claim 3 of the '035 patent was patentable as originally issued and allowing new claims 4 through 24.

6. On September 15, 2009, the PTO issued Ex Parte Reexamination Certificate (7062nd) for U.S. Patent No. 6,484,035, entitled "APPARATUS AND METHOD FOR TRIGGERABLE LOCATION REPORTING." A true and correct copy of the Ex Parte Reexamination Certificate is attached as Exhibit B.

7. Pursuant to 35 U.S.C. § 282, the '035 patent is presumed valid.

8. The '035 patent is a continuation application of the later-abandoned U.S. utility patent application Ser. No. 09/206,627, filed on December 7, 1998.

9. LUNAREYE is the owner by assignment of the '035 patent and has all substantial rights in and to the '035 patent, including the right to sue and collect damages for past, present, and future infringement of the '035 patent.

10. The '035 patent generally relates to a GPS-based location-reporting apparatus.

**JURISDICTION & VENUE**

11. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271, 281, 283, 284 and 285. This Court has jurisdiction over the claim for patent infringement under Title 28 United States Code §§ 1331 and 1338(a).

12. The Court has personal jurisdiction over XACT because, upon information and belief, XACT has: minimum contacts within the State of Texas and the Eastern District of Texas; purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; sought protection and benefit from the laws of the State of Texas; transacted business (and continues to transact business) within the State of Texas and within the Eastern District of Texas, including but not limited to, making, using, selling, offering to sell, and/or leasing products as described and claimed in the patents in suit; and because LUNAREYE's causes of action arise directly from XACT's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

13. Alvin C. Allen, Jr., is the sole inventor of the '035 patent and also serves as the president and CEO of LUNAREYE.  Mr. Allen resides within the Eastern District of Texas in Liberty County, Texas.

14. LUNAREYE's principal place of business is located within the Eastern District of Texas in Liberty County, Texas.

15. The '035 patent has been the subject of four prior lawsuits filed in this Court.[1]

16. Claim 3 of the '035 patent was construed by this Court in *Lunareye, Inc. v. Independent Witness, Inc., et al*, Civil Action No. 9:05-CV-188, (Doc. No. 105) (Sept. 4, 2006). The Court's Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 6,484,035, is attached hereto as Exhibit C.

17. Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

---

[1] *See Lunareye, Inc. v. Independent Witness, Inc. et at.*, Civil Action No. 9:05-CV-188; *Lunareye, Inc. v. AirIQ Inc., et at.*, Civil Action No. 9:07-CV-113; *Lunareye, Inc. v. WebTech Wireless Inc., et at.*, Civil Action No. 9:07-CV-144; and *Lunareye, Inc. v. Enfora Inc., et al.*, Case No. 9:10-CV-119.

## THE ACCUSED PRODUCTS

18. XACT, at a minimum, markets and sells GPS-based hardware and software, including GPS-based location reporting devices marketed and sold under the trade names of "Xact Trax," the "Xact TuFF Trax," the "Xact TuFF Trax (Dual-Mode Orbcomm)," and the "Xact TuFF Trax (Dual-Mode Iridium)."

## PATENT INFRINGEMENT COUNTS

19. LUNAREYE realleges and incorporates by reference paragraphs 1 through 18.

20. XACT makes, uses, sells, offers for sell, leases, and/or offers to lease one or more products that infringe at least claim 3 of the '035 patent, including for example and without limitation, the "Xact Trax," the "Xact TuFF Trax," the "Xact TuFF Trax (Dual-Mode Orbcomm)," and the "Xact TuFF Trax (Dual-Mode Iridium)" GPS-based location tracking devices, as well as any other XACT devices that provide triggerable location-reporting features that practice one or more of the claims in the '035 patent (collectively referred to as the "XACT Location Tracking Devices").

21. Upon information and belief, XACT makes, uses, sells, offers to sell, leases, and/or offers to lease the XACT Location Tracking Devices through various channels, including but not limited to its website, www.gpsinsight.com.

22. As early as September 2010, XACT has had actual knowledge of the '035 patent by virtue of licensing discussions conducted directly with LUNAREYE concerning the '035 patent.

### XACT's Direct Infringement

23. LUNAREYE realleges and incorporates by reference paragraphs 1 through 22.

24. XACT has infringed and continues to directly infringe, either literally or by equivalents, at least claim 3 of the '035 patent by making, using, selling, offering to sell, leasing, offering to lease, importing, and/or exporting one or more of the XACT Location Tracking Devices.

25. Despite having actual knowledge of the '035 patent since as early as September 2010, XACT has willfully continued its infringing activities without the benefit of a license to practice the '035 patent.

### XACT's Inducement of Infringement

26. LUNAREYE realleges and incorporates by reference paragraphs 1 through 25.

27. In addition to its direct infringement of the '035 patent, XACT has infringed and continues to infringe the '035 patent by actively inducing direct infringement, either literally or by equivalents, of at least claim 3 of the '035 patent, by the public, XACT's distributors, XACT's retailers, XACT's partners, XACT's website users, customers, and/or end users who import, export, make, use, sell, offer to sell, lease and/or offer to lease one or more of the XACT Location Tracking Devices.

28. The '035 patent has been cited in no less than 8 issued U.S. patents. The patents citing the '035 patent are owned and/or assigned to companies such as Trackpoint Systems, LLC, Aeris Communications, Inc., and Rockwell Collins, Inc., among others.

29. As alleged above, the '035 patent has been the subject of four prior lawsuits filed in this Court. LUNAREYE asserted the '035 patent against a total of sixteen (16) defendants in those lawsuits based upon their making, using, selling and offering for sale certain GPS-based location finding devices. The named defendants in those four lawsuits included BP America, Inc., BP America Production Company, Independent Witness, Inc., AirIQ LLC, AirIQ US

Holdings, Inc., AirIQ Marine, Inc., Air IQ US, Inc., Air IQ, Inc., Calamp Corp., Webtech Wireless, Inc., Guardian Global Technologies, Inc., Enfora, Inc., Procon, Inc., Portman Security Systems (USA) Co., Ltd., Globalstar, Inc., Spot LLC.

30. Upon information and belief, and based upon the number and identities of the entities citing the '035 patent in their patents and/or being named as a defendant in the aforementioned lawsuits, the '035 patent is well known – or should be well known – to those in the GPS-based location finding industry, including XACT.

31. As early as September 2010, XACT has had actual knowledge of the '035 patent by virtue of licensing discussions conducted directly with LUNAREYE concerning the '035 patent. Alternatively, at least as early as the serving of the Complaint in this lawsuit, XACT has had actual knowledge of the '035 patent as a matter of law.

32. As early as September 2010, XACT has had actual knowledge of the '035 patent by virtue of licensing discussions conducted directly with LUNAREYE concerning the '035 patent. Alternatively, at least as early as the serving of the Complaint in this lawsuit, XACT was willfully blind towards the existence of the '035 patent.

33. Upon information and belief, since becoming aware of the '035 patent (either before or after being served with the Complaint) XACT has continued to intentionally, actively, and knowingly both advertise about and sell, or offer to sell, the XACT Location Tracking Devices at least through the website, www.xacttechnology.com.

34. Upon information and belief, since becoming aware of the '035 patent (either before or after being served with the Complaint), XACT has intentionally, knowingly, and actively provided continuing support services to end-users of the XACT Location Tracking Devices.

35. Upon information and belief, since becoming aware of the '035 patent (either before or after being served with the Complaint), XACT's said advertising, support services, and sales have intentionally, actively, and knowingly contained and continue to contain instructions, directions, suggestions, and/or invitations that intentionally, actively, and knowingly invite, entice, lead on, influence, prevail on, move by persuasion, cause, and/or influence the public, XACT's distributors, XACT's retailers, www.xacttechnology.com website users, customers, and/or end users to make, use, sell, and/or offer to sell the XACT Location Tracking Devices, and/or practice the inventions claimed in the '035 patent, and thus directly infringe, either literally or by equivalents, at least claim 3 of the '035 patent.

36. Upon information and belief, since becoming aware of the '035 patent (either before or after being served with the Complaint), XACT has been willfully blind, knew, or should have known that its distributors, retailers, www.xacttechnology.com website users, customers, and/or end users' acts relative to making, using, selling, and/or offering to sell the XACT Location Tracking Devices, and/or using the XACT Location Tracking Devices to practice the inventions claimed in the '035 patent, directly infringe, either literally or by equivalents, at least claim 3 of the '035 patent.

37. For these reasons, XACT is liable for inducing infringement of the '035 patent.

38. Despite having actual knowledge of the '035 patent since as early as September 2010, XACT has willfully continued its infringing activities without the benefit of a license to practice the '035 patent.

### XACT's Contributory Infringement

39. LUNAREYE realleges and incorporates by reference paragraphs 1 through 38.

40. The XACT Location Tracking Devices and certain components thereof sold, made, operated, and/or serviced by XACT constitute a material part of the inventions claimed in the '035 patent. These items are not staple articles or commodities of commerce suitable for substantial non-infringing use. This is because at least if XACT does not directly infringe the '035 patent, which it does, then certain components of the XACT are applications that embody some or all of the elements of one or more claims of the '035 patent.

41. Upon information and belief, since becoming aware of the '035 patent (either before or after being served with the Complaint), XACT has been willfully blind, knew, or should have known that the XACT Location Tracking Devices and the components thereof were especially made and/or especially adapted for use in infringing the '035 patent.

42. Upon information and belief, since becoming aware of the '035 patent (either before or after being served with the Complaint), XACT has been willfully blind, knew, or should have known that the XACT Location Tracking Devices and the components thereof were not staple articles or commodities of commerce suitable for substantial noninfringing use.

43. By selling, offering to sell, or importing into the United States the XACT Location Tracking Devices and the components thereof, XACT has contributed to the infringement of distributors, retailers, customers, and/or end-users who sell, offer for sale, purchase, make, and/or use the XACT Location Tracking Devices, and/or use the XACT Location Tracking Devices to practice the inventions claimed in one or more claims of the '035 patent, and thus directly infringe the '035 patent, either literally or by the doctrine of equivalents.

44. For these reasons, XACT is a contributory infringer of at least claim 3 of the '035 patent, either literally or through the doctrine of equivalents.

45. Despite having actual knowledge of the '035 patent since as early as September 2010, XACT has willfully continued its infringing activities without the benefit of a license to practice the '035 patent.

## DAMAGES

46. XACT's acts of infringement of the '035 patent as alleged above have injured LUNAREYE and thus LUNAREYE is entitled to recover damages adequate to compensate it for that infringement, which in no event can be less than a reasonable royalty.

47. XACT's actions of infringement of the '035 patent have been willful and thus LUNAREYE is entitled to recover enhanced damages from XACT and have this case declared exceptional pursuant to 35 U.S.C. § 285 allowing LUNAREYE to be awarded its attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, LUNAREYE prays for entry of judgment:

A. That Defendant, XACT TECHNOLOGY, LLC, has infringed one or more claims of the '035 patent;

B. That Defendant, XACT TECHNOLOGY, LLC, account for and pay to LUNAREYE all damages caused by the infringement of the '035 patent, which by statute can be no less than a reasonable royalty;

C. That LUNAREYE be granted pre-judgment and post-judgment interest on the damages caused to it by reason of the Defendant XACT TECHNOLOGY, LLC's infringement of the '035 patent;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285;

E. That LUNAREYE be granted its attorneys' fees in this action;

  F. That costs be awarded to LUNAREYE; and

  G. That LUNAREYE be granted such other and further relief that is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

  LUNAREYE demands a jury trial on all claims and issues so triable.

Dated:  April 30, 2013        Respectfully Submitted,

                **CLEARMAN | PREBEG LLP**

                /s/ Christopher M. Faucett
                Christopher M. Faucett
                Texas Bar No. 0795198
                 cfaucett@clearmanprebeg.com
                Matthew J.M. Prebeg
                Texas Bar No. 00791465
                 mprebeg@clearmanprebeg.com
                Stephen W. Abbott
                Texas Bar No. 00795933
                 sabbott@clearmanprebeg.com
                815 Walker, Suite 1040
                Houston, TX  77002
                Telephone:  713.223.7070
                Facsimile:  713.223.7071

                Eric M. Albritton
                Texas State Bar No. 00790215
                 ema@emafirm.com
                Michael A. Benefield
                Texas State Bar No. 24073408
                 mab@emafirm.com
                **ALBRITTON LAW FIRM**
                P.O. Box 2649
                Longview, Texas 75606
                Telephone: 903-757-8449
                Facsimile: 903-758-7397

                **ATTORNEYS FOR PLAINTIFF,
                LUNAREYE, INC.**